FILED

06/09/2025

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 24-0147

## SYNOPSIS OF THE CASE[1]

**2025 MT 120**, DA 24-0147: **PLANNED PARENTHOOD OF MONTANA, and SAMUEL DICKMAN, M.D., on behalf of themselves and their patients,** Plaintiffs v. **STATE OF MONTANA, by and through AUSTIN KNUDSEN, in his official capacity as Attorney General**, Defendant.

The Montana Supreme Court has upheld a district court decision striking down three abortion-related measures passed by the 2021 Legislature. The ruling is not affected by the constitutional amendment Montana voters passed in 2024, which does not take effect until July.

The Court reaffirmed its 1999 ruling in *State v. Armstrong* that protected a woman's right to a pre-viability abortion in consultation with her medical provider. The Court explained that *Roe v. Wade* was the law of the land when *Armstrong* was decided and that *Armstrong* was based on Montana's express constitutional right of privacy, which the United States Constitution does not have. The Court observed that Montana's privacy guarantee, which includes an individual's right to personal autonomy, has been robustly protected by both legislative and judicial branches of government in the decades since *Armstrong* was decided. The "right to be let alone" is one of the most important rights the 1972 Constitution established, and its protection—based on independent state grounds—is not affected by the United States Supreme Court's recent decision overturning *Roe*.

Because each of the three laws invades the right of a person to make medical judgments affecting their bodily integrity and health in partnership with a chosen health care provider, it is the State's burden to show that the laws are justified by a compelling state interest and are narrowly tailored to achieve only that compelling interest. The Court determined that each of the three challenged measures failed to meet that standard, either because the State had not demonstrated that the law addressed a medically acknowledged bona fide (actual) health risk to the mother or because the law was not tailored narrowly to achieve only that interest.

The three laws the Court invalidated would have: (1) prohibited abortions after 20 weeks' gestational age except to prevent the mother's death or serious risk of substantial and irreversible physical impairment of a major bodily function (excluding psychological or emotional conditions); (2) imposed multiple restrictions on medication abortions, including banning telehealth authorization for the procedure; and (3) required providers to offer patients the opportunity to view two forms of ultrasound and listen to a fetal heart

---

[1] This synopsis has been prepared for the convenience of the reader. It constitutes no part of the Opinion of the Court and may not be cited as precedent.

tone before an abortion and required the patient to sign a form, created by the State, reflecting their choice. The form would then be retained in the patient's medical records.

One justice dissented. The dissent analyzed the *Roe* and *Armstrong* decisions and concluded that, while both had been wrongly decided, they should not be overturned under application of *stare decisis* because they had established an individual right that had been relied upon for many years. However, the dissent maintained that, pursuant to *Armstrong*, the Court had incorrectly furthered an absolutist right, and the holding should thus be narrowed to reflect the original intent of the privacy provision, which was to permit the State to regulate abortion, consistent with the State's interest in protecting human life, the first and preeminent purpose of our democracy. Pursuant thereto, the dissent would have partially invalidated HB 171 as unconstitutional, while upholding the remainder, remanded HB 136 for a trial to resolve issues of fact, and upheld HB 140.

The majority opinion included District Court Judge Shane Vannatta, sitting in place of then-Justice Dirk Sandefur, and District Court Judge Amy Eddy, sitting in place of then-Chief Justice Mike McGrath. (The case was submitted to the Court before their retirements.)